UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EUGENE L. CHERRY,

        Plaintiff,

v.                                                                                  Case No. 16-C-1606

WARDEN ECKSTEIN, et al.,

        Defendants.

## DECISION & ORDER DENYING MOTION FOR RECONSIDERATION

Plaintiff Eugene Cherry filed this action under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. The Court granted the defendants' motions for summary judgment and denied Cherry's motion for summary judgment on March 28, 2018. This matter is now before the Court on Cherry's motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[1] For the following reasons, Cherry's motion will be denied.

A Rule 59(e) motion may be granted where a party demonstrates that the discovery of new evidence, an intervening change in the controlling law, or a "manifest error of law" by the Court warrants the alteration or amendment of a previous judgment. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). The purpose of a Rule 59(e) motion is to

---

[1] Cherry does not address under which rule he seeks to bring his motion for reconsideration. Because he filed within 28 days of judgment and challenges the judgment of the Court, the Court construes it as a motion under Rule 59(e).

enable a district court "to correct its own errors and thus avoid unnecessary appellate procedures." *Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999)(quotation omitted). But the motion "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). As a result, relief under Rule 59(e) is an "extraordinary remedy" that should only be granted in rare cases. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). The decision to grant a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

Here, Cherry's motion contains no new evidence and points to no new controlling law. Instead, Cherry argues that the Court erred in its interpretation of the facts. First, Cherry alleges the following statement was in error: "The fact that he first filed an Inmate Complaint with the institution the next day [on September 30] and waited until October 4, 2016, to submit a request to the [Health Services Unit] requesting to be seen for testicle pain suggests that he was more concerned with complaining than getting medical care." ECF No. 9 at 10. Cherry alleges this was in error because there were no Health Service Request forms on his unit on September 29, so he had to use an Inmate Complaint form. ECF No. 92 at 1–2. However, Cherry's disagreement in how the Court presented the facts is not an error of facts. The Court acknowledged that Cherry submitted an Inmate Complaint on September 30th. Furthermore, the fact that there were no HSRs on his unit on September 29, does not negate the fact that Cherry did not submit an HSR until October 4th.

Cherry now alleges that the prison did not resupply his unit with HSR slips until October 4, 2016. However, this argument was not made by Cherry during the cross-motions for summary judgment. *See Cincinnati Life Ins. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (explaining Rule 59(e) "certainly does not allow a party to introduce new evidence or advance arguments that could

2

and should have been presented to the district court prior to the judgment") (quotations omitted). Furthermore, the declaration Cherry cites states only that "Health service request forms are provided by unit staff on Tuesdays, Thursdays, and Sundays or when available if an emergency occurs" and "on 9/29/2016 South cell hall had no Health Service forms on the unit" so "on 9/30/2016 plaintiff instead used an interview request form." ECF No. 85 at 2–3. Cherry's declaration does not support Cherry's new argument that his unit did not have HSR forms until October 4th. This is a new factual allegation; thus, it is inappropriate for a Rule 59(e) motion because he could have presented it during the cross-motions for summary judgment.

Cherry also argues the Court erred in finding that Cherry did not dispute several of Nurse Alsteen's proposed facts, specifically her assertions that Plaintiff rated his current pain intensity at zero, deferred a testicular examination, was able to walk without distress, or that Alsteen took a urine sample that later tested negative for blood and infection. He argues that his responses "clearly" show a dispute to Alsteen's proposed findings of fact. However, a review of these proposed facts and Cherry's responses reveals that Cherry's responses failed to address Alsteen's entire proposed fact, instead Cherry focused on and disputed only portions of the proposed fact. ECF No. 88 at ¶¶ 35–39. For example, Alsteen proposed the following fact: "Cherry walked with no distress. Alsteen did not determine a need for pain relief interventions, such as pain medicine." ECF No. 88 at ¶ 37. Cherry responded: "Dispute. No health service staff examined him or his testicle on 10/6/16 to see whether the 'excruciating' testicle pain was emergent or not." *Id*. Even reading Cherry's response liberally, he fails to address Alsteen's entire proposed fact. His response addresses the proposed pain relief fact, but does not address the proposed fact that Cherry walked without distress.

Federal Rule of Civil Procedure 56(e) and Civil Local Rule 56(a)(1)(A), which were provided by defendants when they moved for summary judgment pursuant to Civil Local Rule 56(a)(1), both

3

warned Cherry that a failure to respond to a factual assertion could result in the Court accepting that assertion as true. Cherry's failure to respond to the entire proposed fact is an admission of the portions he did not address. Thus, the Court's acceptance of these facts as true is not an error of fact, but rather an adherence to the Court's procedural requirements. Cherry's failure to properly comply with the procedural requirements is not a sufficient basis for granting a Rule 59(e) motion.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reconsideration (ECF No. 92) is **DENIED**.

Dated this   6th   day of April, 2018.

s/William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court